UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERECK D. TAYLOR JR.<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-1030-P |
| VERSUS | JUDGE DEE D. DRELL |
| K. THOMPSON, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Dereck D. Taylor (#594882) ("Taylor"). Taylor was granted leave to proceed *in forma pauperis*. (Doc. 9). Taylor is a pretrial detainee housed at the Rapides Parish Detention Center. Taylor complains he was subjected to excessive force in violation of his constitutional rights by Officers K. Thompson and B. Neal.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Taylor alleges that Officers K. Thompson, B. Neal, Peterson and Aaron entered the dorm to which Taylor was assigned and ordered Taylor to "go into the cell to be racked down." Taylor "began to explain to Officers Neal and Thompson" that he was no longer "racked down." (Doc. 1, p. 3). In response, Officer Neal pointed a Taser at Taylor, who raised his hands in the air. Officer Neal deployed the Taser, and Taylor fell to the floor. (Doc. 1, p. 3). Officer Neal ordered Taylor to get up. When Taylor

responded that he was unable to get up, Officer Neal shocked Taylor again. Taylor alleges Officer Thompson then began choking Taylor and pulling his hair. Taylor was shackled and dragged to a bench. (Doc. 1, p. 3).

## II. Law and Analysis

### A. Taylor's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Taylor is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Taylor's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Taylor's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

2

### B. Taylor does not allege constitutional violations by Judge Doggett, Officer Peterson, or Officer Aaron.

Taylor lists Judge Mary L. Doggett as a defendant on his complaint form, but the factual statement contains no allegations involving Judge Doggett. "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" James v. Tex. Collin Cnty., 535 F.3d 365, 373 (5th Cir. 2008) (quoting Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000)). Because Taylor does not allege the violation of a constitutional right by Judge Doggett, she should be dismissed from the suit.

Additionally, Taylor mentions Officers Peterson and Aaron in his statement of claims, but provides no allegations of the violation of a constitutional right by those individuals. Thus, Officers Peterson and Aaron should be dismissed.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Taylor's complaint against Judge Doggett, Officer Peterson, and Officer Aaron be DENIED and DISMISSED with prejudice pursuant to §§ 1915(e)(2) and 1915A. Taylor's excessive force claim against Officers Thompson and Neal will served in accordance with a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 14th day of December, 2017.

 Joseph H.L. Perez-Montes
 United States Magistrate Judge

4